UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANK EARL TYSON, #306811,

    Plaintiff,

v.

CASE NO. 2:21-CV-11150
HON. GEORGE CARAM STEEH

GRETCHEN WHITMER, et al.,

    Defendants.
                                  /

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I. INTRODUCTION

This is a pro se civil rights case, presumably brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Frank Earl Tyson ("plaintiff") challenges the validity of his state criminal proceedings.[1] He names Michigan Governor Gretchen Whitmer, Michigan Attorney General Dana Nessel, and the State of Michigan as the defendants in this action and seeks monetary damages. The Court has granted the plaintiff leave to proceed without

---

[1] The plaintiff was convicted of felon in possession of a firearm and possession of a firearm during the commission of a felony, second offense, in the Oakland County Circuit Court and was sentenced, as fourth habitual offender, to consecutive terms of 4 years 10 months to 40 years imprisonment and 5 years imprisonment in 2015. See Offender Profile, Michigan Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=306811.

prepayment of the filing fee.  See 28 U.S.C. § 1915(a)(1).

## II.  LEGAL STANDARDS

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well

as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. Twombly, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978); Harris v. Circleville, 583 F.3d 356, 364 (6th Cir. 2009).

## III. DISCUSSION

### A. Criminal Proceedings Claims

The plaintiff's allegations, in significant part, concern the validity of his state criminal proceedings. Such claims are subject to summary dismissal for failure to state a claim upon which relief may be granted under § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, Preiser v. Rodriguez, 411 U.S. 475, 499 (1973), not the validity of continued confinement. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his or her imprisonment if a ruling on the claim would necessarily render his or her continuing confinement invalid, until and unless the reason for that confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. Id. at 487-89.

Heck and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) –

no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The underlying basis for the holding in Heck is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck, 512 U.S. at 486.

The plaintiff challenges the validity of his state criminal proceedings in his complaint and asserts that he is being illegally held in prison. If he were to prevail on those claims, his state criminal convictions and sentences and his continued confinement in state custody would be called into question. Consequently, such claims are barred by Heck and must be dismissed.

### B. Conditions of Confinement Claims

The plaintiff also seems to challenge, in part, the conditions of his imprisonment alleging that he is being subject to cruel and unusual punishment. His allegations, however, are vague and conclusory in nature. It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983. Iqbal, 556 U.S. at 678; Twombly, 550 U.S.

at 555-57; Crawford-El v. Britton, 523 U.S. 574, 588 (1998); Moldowan v. City of Warren, 578 F.3d 351, 390-91 (6th Cir. 2009).

Moreover, the plaintiff fails to allege facts showing that the named defendants are involved in such matters. It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of respondeat superior or vicarious liability. Monell v. Department of Social Svs., 436 U.S. 658, 691-92 (1978); Turner v. City of Taylor, 412 F.3d 629, 643) (6th Cir. 2005) (plaintiff must allege facts showing that defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). The plaintiff fails to do so as to the named defendants. Furthermore, any assertion that one or more of the defendants failed to supervise an employee, should be vicariously liable for another person's conduct, and/or did not properly respond to his grievances or complaints is insufficient to state a civil rights claim. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); see also Martin v. Harvey, 14 F. App'x 307, 309 (6th Cir. 2001). These claims must be dismissed.

## C. Immunity

Lastly, to the extent that the plaintiff sues the defendants in their official capacities, the defendants are entitled to sovereign immunity. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity applies "regardless of the nature of the relief sought," Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984), and "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." Thiokol Corp. v. Department of Treas., State of Mich., Rev. Div., 987 F.2d 376, 381 (6th Cir. 1993) (internal citations omitted); see also McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (citing Thiokol). The Eleventh Amendment does not preclude suits against state defendants for prospective injunctive relief. Carten v. Kent State Univ., 281 F.3d 391, 397 (6th Cir. 2002); see also McCormick, 693 F.3d at 662 (citing McKay v. Thompson, 226 F.3d 752, 757 (6th Cir. 2000)).

"The State of Michigan ... has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate Eleventh Amendment immunity when it passed § 1983. Quern v. Jordan, 440 U.S. 332, 341 (1979); Chaz Const., LLC v. Codell, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment applies to state employees who are sued in their official capacities. See Colvin v. Caruso, 605 F.3d 282, 289 (6th Cir. 2010) (citing Cady v. Arenac Co., 574 F.3d 334, 344 (6th Cir. 2009)). Governor Whitmer, Attorney General Nessel, and the State of Michigan are entitled to Eleventh Amendment immunity on the plaintiff's claims for monetary damages (or other retrospective relief) against them in their official capacities.

## IV. CONCLUSION

For the reasons stated, the Court concludes that the plaintiff fails to state a claim upon which relief may be granted in his complaint and that the defendants are entitled to Eleventh Amendment immunity. Accordingly, the Court **DISMISSES** the civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Lastly, the Court finds that an appeal

8

from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

Dated: June 30, 2021

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on June 30, 2021, by electronic and/or ordinary mail and also on Frank Earl Tyson #306811, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880.

s/Leanne Hosking
Deputy Clerk

---